

**U.S. Department of Justice**

***Nathaniel R. Mendell***
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*
*Courthouse*

*John Joseph Moakley United States*

*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 12, 2021

Brendan Kelley, Esq.
Assistant Federal Public Defender
Federal Defender's Office for the
   District of Massachusetts
51 Sleeper Street, #5
Boston, Massachusetts 02210

      Re:    <u>United States v. Gary E. Leach</u>
              Criminal No. 21-MJ-04196-DHH

Dear Mr. Kelley:

      The Acting United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Gary E. Leach ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      At the earliest practicable date, Defendant will waive indictment and plead guilty to the Information attached to this Plea Agreement charging him with two counts of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B) (Counts 1 and 2) and one count of extortion by interstate threat of injury to reputation, in violation of 18 U.S.C. § 875(d) (Count 3).  Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

      Defendant agrees to the accuracy of the attached statement of facts.

2.   <u>Penalties</u>

Defendant faces the following maximum penalties with respect to Counts 1 and 2 of the Information: incarceration for 5 years; supervised release for 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and restitution.

Defendant faces the following maximum penalties with respect to Count 3 of the Information: incarceration for 2 years; supervised release for 1 year; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and restitution.

Defendant understands that, if he is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.   <u>Sentencing Guidelines</u>

The parties agree that Defendant's total offense level under the USSG (after adjustment for acceptance of responsibility) is 19, calculated as set forth below.

<u>Counts 1 and 3 (Jane Doe A)</u>:

The parties agree that Counts 1 and 3 group as closely related counts under USSG § 3D1.2(b) because the counts involve the same victim and two or more acts or transactions constituting part of a common scheme or plan.

       a) For Count 1, Defendant's base offense level is 18, in accordance with USSG § 2A6.2(a);

       b) Defendant's offense level on Count 1 is increased by two levels because the offense involved a pattern of activity involving stalking, threatening, and harassing the same victim, in accordance with USSG § 2A6.2(b)(1)(E);

       c) For Count 3, Defendant's base offense level is 9, in accordance with USSG § 2B3.3; and

       d) Defendant's offense level applicable to the group consisting of Counts 1 and 3 is 20, because the offense level for Count 1 (20) is the highest offense level of the counts in the group, in accordance with USSG § 3D.13(a).

<u>Count 2 (Jane Doe B)</u>:

       a) Defendant's base offense level is 18, in accordance with USSG § 2A6.2(a); and

b) Defendant's offense level is increased by two levels because the offense involved a pattern of activity involving stalking, threatening, and harassing the same victim, in accordance with USSG § 2A6.2(b)(1)(E).

The parties further agree that the offenses against Jane Doe A and Jane Doe B do not group with each other. USSG § 2A6.2, Application Note 4. Pursuant to USSG § 3D1.4, the combined offense level is determined by starting with the highest offense level, 20 (for either Jane Doe A or Jane Doe B), and increasing by two levels (one unit for Jane Doe A and one unit for Jane Doe B).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (him or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

The parties have no agreement as to Defendant's Criminal History Category.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

As an indication of his acceptance of responsibility, Defendant agrees to delete (or cause to be deleted) any hard copy or digital images of Jane Does A and B (as referenced in the Agreed Statement of Facts attached hereto) that are in his possession, custody, or control as of the date of this agreement, including on cell phones, computers, or other electronic media capable of storing data, or that are stored with any electronic communications services or remote computing service

(including, without limitation, Facebook, Instagram, textPlus, Tinder, SnapChat, or Twitter). Defendant also agrees to file, at or before sentencing, a notarized sworn statement under penalty of perjury informing the Court that he has deleted any and all hard copy or digital images of Jane Does A and B. Defendant understands that violating the terms of this provision are a breach of this plea agreement and that the filing of a false statement could give rise to new criminal charges or affect his sentence in this case. Based on Defendant's compliance with this provision, and his prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the United States Probation Office (the "Probation Office") with accurate and complete information regarding this case.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3 on Counts 1 and 2; a concurrent term of 24 months' incarceration on Count 3;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

c) 36 months of supervised release on Counts 1 and 2; a concurrent term of 12 months of supervised release on Count 3;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) restitution, pursuant to 18 U.S.C. § 2264, for the full amount of the victims' losses.

The United States and the Defendant will also jointly recommend that it be a condition of any term of supervised release the Court imposes that Defendant subscribe to cell phone, electronic communications, or remote computing services only in his true name and using an e-mail address the address and password for which he provides to the Probation Office. The United States and the Defendant will also jointly recommend that Defendant's use of e-mail and social media be subject to inspection and monitoring as directed by the Probation Office. Defendant will disclose all account information relative to internet access, social networking, and email, including usernames and passwords, to the Probation Office.

The United States and the Defendant will jointly recommend: (1) that Defendant not possess or use any computer or internet-capable device without prior approval from the Probation Office; (2) that Defendant will not use any such device to knowingly access or view materials which contain sexually explicit conduct as defined in 18 U.S.C. §2256(2)(A), except that the Probation Office may use reasonable discretion to permit the Defendant to view movies and television shows via common mass-media subscription services such as Netflix, HBO, Hulu, Apple+, Paramount+ and similar services where sexually explicit conduct is not the primary focus of the entertainment; (3) that Defendant will allow the installation, on approved computers and internet-capable devices, of internet-monitoring software designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, or other use of any images or content of a sexual or otherwise inappropriate nature; (4) that Defendant must not attempt to remove or otherwise defeat such monitoring systems and must allow the Probation Office to examine such computers and devices and receive data from them at any reasonable time; (5) that Defendant must advise anyone using the monitored internet-capable devices that those devices are being monitored by the Probation Office; (6) that Defendant will be required to contribute to the costs of evaluation, programming, and/or monitoring, based on the ability to pay or availability of third-party payment; (7) that, if requested, Defendant will provide a list of all software/hardware on Defendant's computer(s) or device(s), as well as telephone, cable, or internet service provider billing records and any other information deemed necessary by the Probation Office, to monitor Defendant's computer usage; (8) that Defendant will provide the Probation Office with access to any requested financial information for purposes of monitoring compliance with the imposed computer access/monitoring conditions, including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills; (9) that Defendant submit to periodic polygraph testing to ensure that Defendant is in compliance with the requirements of Defendant's supervision. The results of any such polygraph examination may be considered in a hearing to modify release conditions and/or could initiate a separate investigation.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 14 days before sentencing. The Defendant will not oppose any request by the United States for continuance of the sentencing date that the Government deems necessary to address such material. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 14 days before sentencing shall be deemed waived. This does not otherwise alter the Court's procedural order timelines regarding sentencing memoranda.

5.     Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

5

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) He will not challenge any prison sentence of 37 months or less or any court orders relating to forfeiture, restitution, or fines.  He will not challenge any provisions of supervised release contained within this agreement. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 30 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.    <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under

this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8.      Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9.      Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

                              *        *        *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney David M. Holcomb.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By:

STEPHEN E. FRANK
Chief, Securities, Financial & Cyber Fraud Unit
SETH B. KOSTO
Deputy Chief, Securities, Financial & Cyber Fraud Unit

DAVID M. HOLCOMB
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
GARY E. LEACH
Defendant

Date: 10/21/2021

I certify that Gary E. Leach has read this Agreement and that we have discussed what it means. I believe Gary E. Leach understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
BRENDAN KELLEY
Attorney for Defendant

Date: 10/26/2021

8